MEMORANDUM *
Ronald Gutierrez appeals the district court’s dismissal of his action for failure to state a claim. His claims turn on language contained in a Settlement Cost Booklet mandated by Department of Housing and Urban Development regulations and provided to him by Wells Fargo. The facts are known to the parties and will not be repeated here.
The district court did not err when it concluded that Gutierrez failed to allege adequately that Wells Fargo’s practices were contrary to the Booklet’s language. The Booklet provides that the tax service fee “covers the cost of your lender engaging a third party to monitor and handle the payment of your property tax bills.” It explains that “[t]his is done to ensure that your tax payments are made on time and to prevent tax liens from occurring.” It also states that the tax service fee is “paid to a tax service provider for information on the real estate property tax.” Gutierrez urges that Wells Fargo did not actually provide tax services because he paid his own property taxes in lieu of Wells Fargo maintaining an escrow account to pay those taxes.
Gutierrez’s allegations regarding Wells Fargo’s business practices do not plausibly state a claim for relief. Gutierrez does not dispute that Wells Fargo monitors tax payments by borrowers who do not have escrow accounts to ensure that property tax payments are made on time and to prevent liens from occurring. His only contention is that Wells Fargo is required to do more than monitoring and verification if the services it provides are to be considered a “tax service.” We conclude that the district court did not err when it held that Wells Fargo’s practices are consistent with the Settlement Cost Booklet’s unambiguous definition of the tax service fee.[1]
Because all of Gutierrez’s claims turn on the construction of the Settlement Cost Booklet and he has not adequately alleged that Wells Fargo’s practices contravene the language of the Settlement Cost Booklet, the district court properly dismissed his claims. See Freeman v. Time, Inc., 68 F.3d 285, 290 (9th Cir.1995) (affirming dismissal of Unfair Competition Law and related claims where plaintiff failed to show documents provided to him were untrue or misleading).
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

. Wells Fargo's request in its brief that the court take judicial notice of Gutierrez’s deed of trust and its Motion for Judicial Notice requesting the court take judicial notice of an excerpt from Freddie Mac's Family Servicing Guidelines are hereby denied as moot.